MARTHA S. PAUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paugh v. Commissioner
Docket No. 7552-74.
United States Tax Court
T.C. Memo 1976-376; 1976 Tax Ct. Memo LEXIS 35; 35 T.C.M. (CCH) 1699; T.C.M. (RIA) 760376; December 6, 1976, Filed Martha S. Paugh, pro se. Kenneth G. Gordon, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $448.91 in petitioner's Federal income tax for the taxable year 1971. The issue for decision is whether the entire amount of payments received by petitioner from her husband under a support order is includable in her gross income under section 71. [1]
FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Martha S. Paugh (petitioner) was a resident of Neptune, New Jersey at the time her petition was filed herein. Petitioner *36 and Clarence Peter Paugh, Sr., were married on November 9, 1947. Three children were born of this marriage, Linda, Clarence Peter, Jr., and Martha JoAnn. In November 1969, petitioner's husband left petitioner and established a new residence. On September 29, 1970, an Order of Support was entered in the Juvenile and Domestic Relations Court of the County of Monmouth, New Jersey. In pertinent part the order recited as follows: The court does hereby find that, by reason of the statutory provisions set forth in said complaint, defendant is under the legal obligation of support and maintenance hereinafter ordered. It is, accordingly, hereby ordered that defendant pay the sum of $75.00 per week for the support and maintenance of * * * wife and 2 children * * *. Pursuant to this order, petitioner received a total of $3,900 in the taxable year 1971. She included one-third of this sum or $1,300 in her gross income as reported on her 1971 tax return. Respondent, in the statutory notice of deficiency has included the difference of $2,600 in petitioner's 1971 income. Subsequent to the commencement of this case, petitioner applied to the appropriate state court for an order *37 nuncprotunc which would specify what amount of support is payable to her and what amount is payable to her two children. On May 28, 1976, in a hearing before the same judge who entered the original support order, petitioner's motion for an order nuncprotunc was denied. OPINION The only issue is whether the payments received by petitioner in 1971 are includable in her gross income under section 71. Section 71(a)(3) [2] provides generally that if a wife is separated from her husband, the wife's gross income includes periodic payments received by her pursuant to a decree for support or maintenance.Section 71(b), [3] however, provides that section 71(a)(3) will not apply to that part of any payment which the terms of the decree fix as a sum payable for the support of the minor children of the husband. Petitioner contends that $2,600 was intended as support for her two minor children and that this amount should therefore be excluded under section 71(b).
*38 Unfortunately for petitioner, the Supreme Court, in , has narrowly construed the provisions of section 71(b): This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. [] In the instant case, the order for support and maintenance did not "fix" a portion of the total payment as child support, within the meaning of Lester and section 71(b). Accordingly, we must find for respondent. Subsequent to the commencement of these proceedings, petitioner attempted to secure an order nuncprotunc which would specify the amount *39 of support allocable to her children. We have held that under some limited circumstances a nuncprotunc order will be effective in establishing the taxability of support payments. . In this particular case, however, petitioner's motion for an order nuncprotunc was denied by the state court judge, and there is therefore no basis on which she can avoid the holding in Lester.. . Consequently, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- * * *
(3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. ↩
3. SEC. 71(b). Payments to Support Minor Children.-- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩